GARCÍA, PETITIONER AND APPELLANT, *v.* MARINI, CONTESTANT AND APPELLEE.

APPEAL from the District Court of Mayagüez in Dominion Title Proceedings.

No. 1535.—Decided March 30, 1917.

DOMINION TITLE—EVIDENCE—ERROR.—In this case it was held that there was no conflict in the evidence, as the evidence of the contestant corroborated that of the petitioner, and that the lower court clearly erred in underrating the evidence of the petitioner and overrating that of the contestant.

The facts are stated in the opinion.

*Mr. Ricardo del Toro Soler* for the appellant.

*Mr. José Sabater* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On November 26, 1915, Donato García Pumares, a married man, instituted dominion title proceedings in the District Court of Mayagüez praying that he be adjudged the owner of four houses and the four lots on which they are situated, and that his title as such owner be recorded in the registry. The houses and lots are designated by the letters A, B, C and D and described as follows:

"A—RURAL.—A two-story frame house covered with galvanized iron, the upper story being used as a dwelling-house and the lower story, which has a cement floor, as a store. The house measures 35 feet on the front by 24 feet in depth and is 22½ feet high. It has a wing 20 feet long by 12 feet wide. It is situated in the village and ward of Boquerón, municipality of Cabo Rojo, and is built on a lot

52 feet in front by 55 feet in depth, or 249.60 square meters, and is bounded as follows: On the front, or north, by Muñoz Rivera Street; on the right, or west, by the house of Julio Marini; on the left, or east, by a house of the petitioner hereinafter described, and on the rear, or south, by lands of the Boquerón plantation belonging to María Cristina Marini, from which it is separated by an inlet known as La Boquilla.

"B—RURAL.—A one-story dwelling-house with a galvanized iron roof fenced in with American lumber and measuring 27 feet on the front by 24 feet deep by 10 feet high. It is situated in the village and ward of Boquerón, municipality of Cabo Rojo, and is built on a lot 35 feet in front by 55 feet in depth, containing an area of 173 square meters, bounded as follows: On the front, or north, by Muñoz Rivera Street, on which is the entrance; on the left, or east, by another house belonging to the petitioner, which is hereinafter described; on the right, or west, by the house of the petitioner hereinbefore described, and on the rear, or south, by lands of the Boquerón plantation belonging to María Cristina Marini, from which it is separated by an inlet known as La Boquilla. It contains a cistern for potable water.

"C—RURAL.—A one-story dwelling-house with a galvanized iron roof fenced in with American lumber situated in the village and ward of Boquerón, municipality of Cabo Rojo, and measuring 30 feet on the front by 26 feet deep by 10 feet high. It is built on a lot 35 feet on the front and 55 feet deep, or an area of 173 square meters, being bounded as follows: On the front, or north, by Muñoz Rivera Street, on which is the entrance; on the right, or west, by the house already described as belonging to the petitioner; on the left, or east, by the house of Domingo Suárez, and on the rear, or south, by lands of the Boquerón plantation belonging to María Cristina Marini, from which it is separated by an inlet known as La Boquilla.

"D—RURAL.—A piece of land situated in the village and ward of Boquerón, municipality of Cabo Rojo, containing an area of sixteen hundredths and thirty-seven thousandths of a *cuerda*, or 6 ares 41 centares, bounded on the north by the road from Lajas to Boquerón which connects with Muñoz Rivera Street; on the east by a house and lot belonging to Ricardo Nazario; on the south by lands of the Boquerón plantation belonging to María Cristina Marini, and on the west by the house and lot of Tomasa Carlo y Ramírez. It contains a one-story frame house with a zinc roof 21 feet on the front by 18 feet deep by 10 feet high and seventeen coco palms."

García Pumares claims that he built house A at his own expense in the year 1912 and purchased the lot in the same year from Antonio Mercado, who had purchased it in 1908 from Juan Ortiz, who bought it in 1898 from Juan Ramón Quiñones, who in the same year bought it from Arturo Marini, who also had purchased it from Juan Rodríguez in 1883.; that he purchased the houses and lots B and C in 1912 from Juan Ramón Quiñones, who had built the houses in 1898 and purchased the land from Francisco Wys in 1888; that as to the house and lot D, he purchased the lot in 1909 from Manuel Ghigliotty, who purchased it in 1909 from José Carbonell, who purchased it in 1900 from Isidoro Santoni, who in turn had bought it in 1890 from Jorge Fagundo. The petitioner alleges that the house on the said lot was constructed by him in 1910 on the beach of the village of Boquerón and was removed from there to the said lot in 1915.

García Pumares further states that both he and the former owners respectively held quiet, public, peaceful, and uninterrupted possession as owners of the said property.

The summonses required by article 395 of the Mortgage Law having been served, María Cristina Marini, widow of La Baume, opposed the proceedings instituted by García Pumares, alleging that the lots in question belonged to her as a part of her Boquerón plantation, and that the houses thereon had been erected without her consent and in violation of her rights of ownership.

Both parties having introduced their evidence, the court rendered judgment on April 17, 1916, holding that the petitioner had not proved his ownership of the properties described in the petition and imposing upon him the costs, expenses and disbursements, from which judgment the attorney for Donato García Pumares appealed to this court.

The grounds upon which the appeal is based may be summed up in one,—namely, error of the District Court of Mayagüez in weighing the evidence.

The evidence introduced by García Pumares tends to.

prove the fundamental allegations of the petition, for it is supported by the testimony of Donato García Pumares, Antonio Escabí, Antonio Montalvo, Manuel Ghigliotty, Jorge Fagundo, and Tomás Pabón, and by two private instruments executed on October 2, 1912, and July 22, 1915, the former reciting the sale of the two houses and lots B and C made by Juan Ramón Quiñones and his wife, Juana Rivera, to Donato García Pumares, and the latter the sale made by Manuel Ghigliotty and his wife, Prudencia Arroyo, to García Pumares of lot D.

Had no objection been made by María Cristina Marini, the claims of Donato García Pumares would undoubtedly have been decided in his favor.

But the fact is that far from destroying the probatory merits of the evidence of the petitioner, the evidence introduced by the contestant corroborates the same. Let us review it.

According to a certificate issued by the Registrar of Property of San Germán, there was recorded in the said registry on August 22, 1884, in the name of Francisco Wys a plantation known as Boquerón, containing 1,071 *cuerdas* of land situated in the ward of Boquerón, municipality of Cabo Rojo, and composed of five sections, one of which, containing 500 *cuerdas,* is bounded on the north by the country road leading from Cabo Rojo to the ward and port of Boquerón. Another certificate of the clerk of the District Court of the United States for Porto Rico shows that a section of the said property, containing 500 *cuerdas,* was conveyed to María Cristina Marini and her husband, Enrique Renón de la Baume, under a decree of partition dated February 23, 1909, made by the District Court of the United States for Porto Rico in a suit in equity No. 163 and brought in Mayagüez by María Cristina Marini against Enrique Renón de la Baume and others.

These certificates do not contradict the rights of ownership claimed by García Pumares, for although the lots with the houses thereon are on lands of the Boquerón plantation,

as alleged by the contestant and testified to by witnesses Gil Bouyet, José A. Efre and Hilario Marini, it is to be borne in mind that Bouyet states positively that the construction of the first house by Juan Ramón Quiñones was authorized by the owners of the plantation; and Marini, the overseer of the Boquerón plantation, testifies that, having been commissioned to sell lots of the said plantation, he sold one to Ramón Quiñones, to whom it was delivered by Francisco Wys described by its boundaries.

In corroboration of the testimony of witness Marini, the attorney for the contestant introduced a document signed by J. Ramón Quiñones, whose signature was identified by Marini, which reads as follows:

"Dear Don Francisco: If you have not sent Don Hilario to the port to see the lot, send him here so that I may go with him, and let me know by him how much I am to pay for the said lot, or if there is any objection to selling it to me, notify me also, for I have another lot in view, but as I spoke to you first I want to be sure of one thing or the other. Without more, believe me, your friend, (Signed) J. Ramón Quiñones.   April 8, 1897."

Bouyet also identified the signature to another document written by José Ramón Quiñones which was introduced in evidence by the attorney for the contestant and reads as follows:

"Don Francisco: We have been inspecting the lots; that where Silverio Carlo lived containing 14 sq. *varas*, which you offered to sell me for $16. For the one facing the property of Doña Estelvina, which is hardly large enough for a house, with a little to spare for the Silverio Carlo lot, I will give $10 as it has three coco palms; and for the lot facing the land of Doña Estelvina I will give $8. If you are prepared to accept either of these offers let me know this afternoon so that I may know what to do. Without more at this time, I am, your friend, (Signed) J. Ramón Quiñones."

As is seen, both the oral and the documentary evidence of the contestant favors the petitioner and tends to prove the ownership claimed.

The contestant cannot deny, in opposition to her own evi-

dence, that J. Ramón Quiñones was negotiating the purchase of lots from Francisco Wys, the owner of the Boquerón plantation, and that he even purchased from him one lot which Marini delivered to him.

The District Court of Mayagüez committed manifest error in weighing the evidence, underrating that of Donato García Pumares and overrating that of María Cristina Marini, and it cannot be held that in so doing it adjusted a conflict between the evidence of the parties, for, as we have said, the evidence of the contestant corroborates that of the petitioner.

For the foregoing reasons the judgment appealed from must be reversed and substituted by another holding that Donato García Pumares, a married man, has proved his ownership of the properties described in the petition, which judgment will serve him as a title for recording said ownership in the proper registry of property, without special imposition of costs.

*Reversed and substituted.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.